Argued December 10, affirmed December 23, 1959

## BRUUN *v.* MADDEN ET UX
### 347 P. 2d 844

*Bruce M. Hall,* Portland, argued the cause and filed briefs for the appellants.

*Roscoe E. Watts,* Portland, argued the cause and filed a brief for the respondent.

Before McAllister, Chief Justice, and Perry, Sloan and King, Justices.

PER CURIAM.

Plaintiff brought this action to recover on a contract for work and labor performed for the benefit of defendants.

The evidence discloses that in June, 1955, a furnace explosion in the house of defendants caused soot damage to the furniture and interior of their home. The plaintiff is engaged in general household cleaning and, following the explosion, the plaintiff's superintendent, in company with insurance adjusters, went to the defendants' home and in their presence "gave a figure" for the work to be done. Some of the work, such as the cleaning of drapes and rugs, was to be done by others. The plaintiff's superintendent testified:

> "Mrs. Madden and myself and Mr. Eller [the insurance adjuster] decided between us the work we were to do."

The insurance companies, based upon the estimate of the plaintiff, paid the defendants under their liability clauses for the renovating of the property, which sums included the cost of the work and labor performed by plaintiff. The plaintiff performed the work agreed upon to be done by him.

The trial court made findings of fact and conclusions of law and, based thereon, entered judgment for the plaintiff. From this judgment the defendants appeal.

The defendants' principal complaint seems to be that the plaintiff failed to prove an express contract

to pay him in accordance with the bid made to the insurance company for the work and labor performed and, therefore, the trial court should have sustained their motion for involuntary nonsuit.

It is the well-established rule in this jurisdiction that a court in considering such a motion accepts the plaintiff's evidence as true, together with every reasonable inference of fact that can be reasonably drawn therefrom and interprets this evidence in the light most favorable to him. *Marr et al. v. Putnam*, 196 Or 1, 246 P2d 509.

From a recital of the evidence as set forth, it must be apparent that there was an agreement among all the parties that the plaintiff was to do the work he did, that the insurance company was to provide the defendants with the money under their contract of insurance to pay the plaintiff, and that plaintiff agreed to accept such sum as payment for his work.

The defendants also assign as error the failure of the trial court to accept their version of the facts.

The parties waived a trial by jury and the trial court made findings of fact and conclusions of law. These findings of fact are conclusive upon appeal if there is any substantial evidence to support them. *Blakeley v. First National Bank*, 151 Or 655, 51 P2d 1034.

Since an examination of the record shows that, although there is a dispute between the parties, there is evidence to support the findings, these assignments of error are without merit.

The judgment of the trial court is affirmed.